IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR APODACA,

       Plaintiff,

vs.                                                                                          No. CIV 13-0113 JB/SMV

STATE OF NEW MEXICO
ADULT PROBATION AND PAROLE,
WESLEY HATLEY AND SUSAN
PAUTLER, et al., IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY,
CURRY COUNTY DETENTION CENTER,
WARDEN GERRY BILLY, CAPT. SANDOVAL,
CAPT. LUCERO, DOCTOR TIMOTHY HILLIS
AND NURSE NANCY LUERAS, et al. IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITY,
NMSPD, NEW MEXICO STATE POLICE,
NEW MEXICO ADULT PROBATION AND
PAROLE, NMAPP,

       Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING THE PLAINTIFF'S MOTION TO APPEAL**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Appeal Order Denying Appointment of Counsel, filed September 18, 2013 (Doc. 18)("Motion"). Plaintiff Victor Apodaca appeals the Order Denying Motions for Appointment of Counsel, ("Doc. 17")("Order") that the Honorable Stephan M. Vidmar, United States Magistrate Judge, filed on August 15, 2013. Apodaca acknowledges that the Court lacks the authority to appoint counsel in his case. See Motion at 1. Instead, Apodaca argues that the Court should refer his case, pursuant to 28 U.S.C. § 1915(e)(1), for voluntary assistance of counsel, because, without counsel, he will be unable to adequately present his claims. See Motion at 1. Apodaca argues that counsel is necessary in his case, because "important evidence is being held back from

Plaintiff," and because there is "complexity in need of getting statements from witnesse's [sic] and Defendants."  Motion at 2.

## LAW REGARDING OBJECTIONS TO MAGISTRATE JUDGES' ORDERS

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to file objections to a Magistrate Judge's non-dispositive order within fourteen days after being served with the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  See Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995).  To overturn the Magistrate Judge's decision as clearly erroneous under rule 72(a), the district court must have "a definite and firm conviction that a mistake has been committed."  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).[1]

Under the "contrary to law" standard, the district court conducts a plenary review of the Magistrate Judge's legal determinations, setting aside the Magistrate Judge's order if it applied an incorrect legal standard.  See 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 3069, at 350 (2d ed. 1997).  "In sum, it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge."  Wright et al., supra, § 3069, at 350-51.  On the other hand, just "as the district judge should defer to the magistrate judge's decision . . . he or she should not be hamstrung by the clearly erroneous standard.  At i[t]s broadest, it is limited to factual findings."  Wright et al., supra, § 3069, at 355.

---

[1] The United States Court of Appeals for the Seventh Circuit has stated that, to be clearly erroneous, "a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish."  Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988).  The Court does not believe that this standard uses appropriate language for a court of law, and will not use or follow the standard, if it is one.

## ANALYSIS

The Court will deny the Motion for two reasons. First, the Motion is untimely. A "party may not assign as error a defect in the [magistrate judge's] order not timely objected to." Green v. Snyder, No. 12-1366, 2013 WL 1960595 (10th Cir. May 14, 2013)(alterations in original)(quoting Fed. R. Civ. P. 72(a)). Under Rule 72, Apodaca had fourteen days to appeal or object to Judge Vidmar's Order. Judge Vidmar issued his order on August 15, 2013. Thus, any objections were due by August 29, 2013. Apodaca did not, however, mail his objections until September 12, 2013, fourteen days past the deadline, and they were not docketed until September 18, 2013. See Motion at 3. As a result, Apodaca's Motion necessarily fails.

Second, even if the Court were to consider Apodaca's untimely Motion, it would find that it lacks a sound basis in the law and the facts. The United States District Courts lack the authority to appoint counsel to represent indigent prisoners in most civil cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989)(holding that, under 28 U.S.C. § 1915(d), which is now § 1915(e), federal courts may not "make coercive appointments of counsel"). Apodaca admits that the Court has no authority to appoint counsel in his case. See Motion at 1.

In certain exceptional circumstances, the court may, pursuant to 28 U.S.C. § 1915(e)(1), request the voluntary assistance of counsel. In deciding whether to make such a request, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(internal quotation marks omitted). Ultimately, the burden is on the prisoner "to convince the court that there is sufficient

merit to his claim to warrant [a request for voluntary assistance] of counsel." Hill v. Smithkline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir 2004)(internal quotation marks omitted).

In applying the factors from Rucks v. Boergermann, Judge Vidmar denied Apodaca's original motions for appointment of counsel, because: (i) Apodaca had failed to show sufficient complexity or merit in his claims to justify a request for voluntary assistance of pro bono counsel; and (ii) Apodaca was ably representing his positions. See Order at 2. Because Judge Vidmar applied the correct legal standard, the Court determines that the Magistrate Judge's decision was not contrary to law.

Apodaca's arguments that he is unable to present his claims without counsel are insufficient. Apodaca has not demonstrated that his case is sufficiently complex or meritorious to warrant referral to voluntary assistance of counsel. Furthermore, Apodaca has demonstrated thus far that he is adequately able to represent himself. As a result, the Court determines that Judge Vidmar's ruling was not clearly erroneous. Thus, there are no sound grounds to reverse or modify Judge Vidmar's Order Denying Motions for Appointment of Counsel.

**IT IS ORDERED** that Plaintiff's Motion to Appeal Order Denying Appointment of Counsel, filed September 18, 2013 (Doc. 18) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Victor Apodaca
Southern New Mexico Correctional Facility
Las Cruces, New Mexico

*Plaintiff pro se*

- 4 -