**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

VICTOR APODACA,

    Plaintiff,

v.                                                           No. 13-cv-0113 JB/SMV

STATE OF N.M. ADULT
PROB. & PAROLE, et al.,

    Defendants.

**ORDER TO SUBMIT *MARTINEZ* REPORT**

    THIS MATTER is before the Court sua sponte. Plaintiff brought suit against Defendants pursuant to 42 U.S.C. § 1983 on February 4, 2014. [Doc. 1]. Specifically, Plaintiff alleges that on September 7, 2012, Defendants Hatley and Pautler performed an illegal search, which violated Plaintiff's constitutional rights. *Id.* Plaintiff further alleges that another illegal search was performed on April 15, 2013. [Doc. 9]. In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendants Hatley and Pautler are **ORDERED** to submit materials that will help this Court resolve Plaintiff's Fourth Amendment claims, in the form of a *Martinez* report, as explained herein.

    In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incident(s) underlying the suit and to submit a report of the investigation, known as a "*Martinez* report." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the

prisoner's claims.  *Hall*, 935 F.2d at 1109.  The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte.  *Id.* at 1109-10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence).  However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report.  *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answer that they wish to pursue.  Defendants must abide by the following instructions in preparing their report.

1)  The report must include a written brief that discusses Plaintiff's Fourth Amendment claims and Defendants Hatley's and Pautler's defenses.  Factual assertions in the briefs must be supported by proof, such as affidavits or documents.  *See Hayes v. Marriott*, 70 F.3d 1144, 1147−48 (10th Cir. 1995).  Attachments to the report should be arranged in a logical order and must be properly authenticated by affidavits.  *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

2)  The report must state whether records pertaining to the allegations exist.

3)  The report should address whether Plaintiff has standing to bring the Fourth Amendment claims at issue.

4)   The report should address whether Plaintiff's Fourth Amendment claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), or *Younger v. Harris*, 401 U.S. 37 (1971).

5)   The report should address whether Plaintiff had consented to the searches at issue as part of his probation.  *See* [Doc. 22] at 44–45.

In addition, Defendants Hatley and Pautler shall provide a *Vaughn* index[1] that includes a substantial description of any documents that Defendants contend should not be disclosed.  *In camera* review of those documents may be required by further Court order.

The *Martinez* report must be filed and served on Plaintiff no later than **September 29, 2014**.  Plaintiff must file his response or objections to the report no later than **October 29, 2014**.  Defendants must file their reply, if any, no later than **December 1, 2014**.

**The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte.  Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims and Defendants Hatley's and Pautler's defenses.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] "A *Vaughn* index is a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure."  *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).