IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR APODACA,

    Plaintiff,

v.                                                                                   No. 13-cv-0113 JB/SMV

STATE OF N.M. ADULT
PROB. & PAROLE, et al.,

    Defendants.[1]

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants Wesley Hatley and Susan Pautler's *Martinez* Report [Doc. 41], filed on September 29, 2014.[2] Plaintiff Victor Apodaca, a pro se prisoner litigant,[3] filed a response on October 31, 2014. [Doc. 44]. Defendants filed no reply. The case was referred to me by the Honorable James O. Browning, United States District Judge, for analysis and a recommended disposition. [Doc. 5]. Having reviewed the record, the parties' submissions, and the relevant law, and being otherwise fully advised in the premises, I respectfully recommend that summary judgment be GRANTED in favor of Defendants Hatley

---

[1] In a Memorandum Opinion and Order dated February 13, 2014, the Court dismissed all claims against Defendants New Mexico State Police, State of New Mexico Adult Probation and Parole, Gerry Billy, FNU Sandoval, FNU Lucero, FNU Wagner, FNU Boone, and FNU Padilla, and Curry County Detention Center. [Doc. 22] at 46. The only remaining Defendants are: Wesley Hatley, Susan Pautler, Timothy Hillis, and Nancy Lueras.

[2] This PF&RD does not address Plaintiff's surviving claims against Defendants Hillis and Lueras. A *Martinez* Report from Defendants Hillis and Lueras is due March 15, 2015. [Docs. 43, 58].

[3] At all times relevant to this suit, Plaintiff has been incarcerated and proceeding pro se and *in forma pauperis*. *See* Memorandum Opinion and Order, [Doc. 22] at 1–2. I liberally construe Plaintiff's filings because he is appearing pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

and Pautler, and that the Fourth Amendment claims against them be DISMISSED without prejudice.

### Factual and Procedural Background

Following a judgment entered against him on August 10, 2009, Plaintiff was placed on supervised probation for a period of five years. [Doc. 41-1] at 7. As a condition of his probation, Plaintiff agreed as follows:

> I will permit any Probation/Parole Officer to visit me at my home or place of employment at any time. I will permit a warrant-less search by the Officer of my person; automobile, residence, property and/or living quarters if he/she has reasonable cause to believe the search will produce evidence of a violation of my conditions of probation.

Order of Probation, *Id.* at 10.

Defendant Hatley is a Clovis District Probation and Parole Officer; Defendant Pautler is a Probation and Parole Supervisor of the same district. *Id.* at 15. On September 7, 2012, Defendants made a "home visit" to Plaintiff at his residence. [Doc. 1] at 2; [Doc. 29] at 2. Plaintiff did not own the residence. [Doc. 41] at 2. Defendants entered the residence without a warrant. *Id.* The home visit and subsequent search uncovered parole violations. *Id.* at 5; Order on Report of Probation Violation, [Doc. 41-1] at 16.

On September 25, 2013, the Ninth Judicial District Court for the State of New Mexico revoked Plaintiff's parole based on three Parole Violation Reports—including one that concerned the September 7, 2012 search. [Doc. 41-1] at 16.

Plaintiff brought suit against various Defendants pursuant to 42 U.S.C. § 1983 on February 4, 2013. [Doc. 1]. He supplemented his complaint on February 8,[4] *see* [Doc. 3] ("First Supplement"), and May 13, 2013, *see* [Doc. 9] ("Second Supplement"). Plaintiff's Complaint alleges Fourth Amendment violations arising from Defendant Hatley and Pautler's warrantless search of his residence on September 7, 2012. [Doc. 1] at 2. In his Second Supplement, Plaintiff alleges Fourth Amendment violations arising from a different, allegedly illegal search occurring April 15, 2013. [Doc. 9] at 3. The Second Supplement does not name Defendants Hatley and Pautler as responsible parties. *See* [Doc. 22] at 3 (noting that Plaintiff's allegations concerning a second illegal search and seizure do not identify a responsible party).

On February 13, 2014, Judge Browning dismissed all of Plaintiff's claims except for those brought under the Fourth Amendment for unreasonable search and seizure and under the Eighth Amendment for denial of medical treatment. *Id.* at 46. Plaintiff's Eighth Amendment claims are not asserted against Defendants Hatley and Pautler and are therefore not addressed in this PF&RD. Judge Browning ordered Defendants Hatley and Pautler to answer the Complaint and supplements. *Id.* at 44–45. Defendants answered the Complaint and supplements on April 15, 2014. [Doc. 29].

On July 28, 2014, I ordered Defendants Hatley and Pautler to investigate the incidents underlying the suit and submit a report of the investigation, known as a "*Martinez* report."[5]

---

[4] The First Supplement does not concern Plaintiff's claims for unreasonable search and seizure under the Fourth Amendment.

[5] Specifically, the *Martinez* report directed Defendants to include a written brief discussing Plaintiff's Fourth Amendment claims and Defendants' defenses; state whether records pertaining to the allegations exist; address whether Plaintiff has standing to bring the Fourth Amendment claims at issue; address whether Plaintiff's Fourth Amendment claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), or *Younger v. Harris*, 401 U.S. 37 (1971); and address whether Plaintiff had consented to the searches at issue as part of his probation. [Doc. 34] at 2–3.

[Doc. 34]; *see Hall*, 935 F.2d at 1109; *Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). Therein, I notified the parties that the *Martinez* report may be used in a variety of procedural situations, "including when deciding whether to grant summary judgment, either on motion or sua sponte." [Doc. 34] at 3. The parties were directed to "submit whatever materials they consider relevant to Plaintiff's claims and Defendants Hatley's and Pautler's defenses." *Id.* Neither party has requested summary judgment; however, summary judgment is appropriate here.

## Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If this burden is met, the party opposing summary judgment must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Although all facts are construed in favor of the nonmoving party, it is still the nonmoving party's responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

For purposes of summary judgment, a prisoner's complaint is treated as an affidavit if it alleges facts based on his personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111. A *Martinez* report is also treated as an affidavit. *Id.* A court cannot resolve material disputed factual issues by accepting a *Martinez* report's factual findings when they are in conflict with pleadings or affidavits. *Id.* at 1109. However, conclusory allegations without specific supporting facts have no probative value and cannot create a genuine issue of fact. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005); *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). As is true with all affidavits, statements of mere belief must be disregarded. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006).

The Court liberally construes Plaintiff's filings because he is appearing pro se. *Hall*, 935 F.2d at 1110. Nevertheless, a non-moving party must still "identify specific facts that show the existence of a genuine issue of material fact." *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (internal quotation marks omitted). Conclusory allegations are insufficient to establish an issue of fact that would defeat the motion. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 557 (10th Cir. 2001).

## Analysis

In *Heck v. Humphrey*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87 (footnote omitted).  The Supreme Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  *Id.* at 487 (emphasis added).  Accordingly,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*  Heck "applies to proceedings that call into question the fact or duration of parole or probation."  *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).

Here, there is no genuine dispute as to any material fact, and Defendants Hatley and Pautler are entitled to summary judgment as a matter of law.  It is undisputed that the September 7, 2012 search formed a basis for Plaintiff's parole revocation.[6]  Plaintiff maintains that the search and subsequent probation revocation were invalidated because the search was unlawful.  However, Plaintiff offers nothing to show that his parole revocation "has been

---

[6] Defendants state broadly that "[s]ubsequent to the search, the State filed a motion to revoke Plaintiff's probation based on violations uncovered during the home visit and search by Defendants.  The State District Court granted the motion after Plaintiff admitted that he violated his probation . . . ."  [Doc. 41] at 5.  The state-court order revoking Plaintiff's probation states that the parole revocation followed three reports—a Report of Probation Violation filed September 14, 2012, an Addendum to Violation Report filed April 19, 2013, and a Second Addendum to Violation Report filed May 31, 2013—none of which have been provided by Defendants.  While Plaintiff takes issue with Defendants' failure to provide the probation violation reports, Plaintiff affirms that the September 7, 2012 search forms the basis of the report filed September 14, 2012:

> Defendants[,] after arresting Plaintiff [for] violat[ing] his probation on September 7, 2012[,] which the D.A. then filed on September 14, 2012 with the Courts . . . [and] the Defendants did not attach the report to the Martinez Report which would show Defendant Pautler's statement and what the Plaintiff . . . violated . . . and when.

[Doc. 44] at 5.  And: "[s]ubsequent to the search, the state did file a motion to revoke probation on September 14, 2012[,] for the incident on September 7, 2012."  *Id.* at 6.  While Plaintiff contests which condition he violated on September 7, 2012, it is undisputed that Plaintiff's subsequent parole revocation was based—at least in part—on the September 7, 2012 search.

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.  Thus, it is also undisputed that Plaintiff's parole revocation has not been invalidated through the means contemplated in *Heck*.  Accordingly, Plaintiff's Fourth Amendment claims against Defendants Hatley and Pautler necessarily imply the invalidity of his parole violation.  *See Crow v. Penry*, 102 F.3d at 1087 (finding *Heck* to bar a "civil claim for damages [that] amount[ed] to a collateral attack on [the plaintiff's] parole revocation and subsequent incarceration").  I find, therefore, that Plaintiff's Fourth Amendment claims for unreasonable search and seizure are not cognizable under § 1983.  Defendants Hatley and Pautler are entitled to summary judgment as a matter of law.

## **CONCLUSION AND RECOMMENDED DISPOSITION**

I find that Plaintiff's Fourth Amendment claims against Defendants Hatley and Pautler for unreasonable search and seizure are barred by *Heck*.  Accordingly, I recommend that summary judgment be granted sua sponte in favor of Defendants Hatley and Pautler, and that the claims be dismissed without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065–66 (10th Cir. 1996) (noting that dismissal of a § 1983 claim under *Heck* should be without prejudice so that a plaintiff successful in overturning his conviction may later bring his § 1983 action).

It appears that the claims contained in the Second Supplement to the complaint—concerning a second allegedly illegal search occurring on April 15, 2013—have already been dismissed.  *See* [Doc. 22] at 46 (dismissing all claims except for those brought under the Fourth Amendment for unreasonable search and seizure and under the Eighth Amendment for denial of medical treatment).  And Plaintiff acknowledges that those claims have been dismissed.  *See*

[Doc. 44] at 1. To the extent that any claims in the Second Supplement remain, I recommend that they be expressly dismissed as Defendants Hatley and Pautler were not named as responsible parties in the Second Supplement or in Plaintiff's response to the *Martinez* report.

For the reasons set forth herein, I recommend that summary judgment be **GRANTED** in favor of Defendants Hatley and Pautler, and that Plaintiff's surviving claims against Defendants Hatley and Pautler be **DISMISSED without prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**