IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR APODACA,

    Plaintiff,

vs.                              No. CIV 13-0113 JB/SMV

STATE OF NEW MEXICO
ADULT PROBATION AND PAROLE;
WESLEY HATLEY; AND SUSAN
PAUTLER, et al., in their individual and official
capacities; CURRY COUNTY DETENTION CENTER;
WARDEN GERRY BILLY; CAPT. SANDOVAL;
CAPT. LUCERO; DOCTOR TIMOTHY HILLIS;
AND NURSE NANCY LUERAS, et al. in their individual
and official capacities; NMSPD; NEW MEXICO STATE
POLICE NEW MEXICO ADULT PROBATION AND
PAROLE; and NMAPP,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER**

    **THIS MATTER** comes before the Court on the Motion to Reconsider Dismissal of Claims Against Said Parties to this Action, filed March 3, 2014 (Doc. 24)("Motion"). "[A] motion to reconsider the district court's non-final order '[is] . . . an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" Guttman v. New Mexico, 325 F. App'x 687, 690 (10th Cir. 2009) (unpublished)[1](quoting Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991)). In the

---

[1] Guttman v. New Mexico is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.

Motion, Plaintiff Victor Apodaca asserts that the Court erred in dismissing his claims under the Eighth Amendment to the Constitution of the United States of America against a number of Defendants for denial of necessary medical treatment. He asks the Court to reinstate these claims. The Court will deny the motion.

Apodaca's asserted claims against these Defendants, see Civil Rights Complaint, filed February 8, 2013 (Doc. 3)("Complaint"), arose when he arrived at the Curry County Detention Center. He alleges that he had been injured during his arrest, and he asked for medical treatment when he was booked in at the detention center. Defendant Nancy Lueras, the head nurse at the facility, examined him and ordered a wheelchair, because of his obvious leg injury. She did not order other treatment immediately, and Apodaca's claims against Lueras remain pending.

On February 13, 2014, the Court entered a Memorandum Opinion and Order, filed February 13, 2014 (Doc. 22), dismissing Apodaca's Eighth Amendment claims against, *inter alia*, Defendants Captain Sandoval, Captain Lucero, Lieutenant Wagner, Lieutenant Boone, Sergeant Padilla, and Gerry Billy. In his motion, Apodaca attempts to show that his Complaint makes legally sufficient allegations that the dismissed non-medical staff Defendants committed Eighth Amendment violations against him. He seeks reinstatement of his claims against these individuals who were present when he arrived at the center but failed to override Lueras's assessment of his medical condition.

---

> However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Guttman v. New Mexico and Phillips v. Tiona, 508 F. App'x 737 (10th Cir. 2013) (unpublished), have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

"[D]iagnostic techniques or forms of treatment," Estelle v. Gamble, 429 U.S. 97, 107 (1976)), are matters for medical judgment, and allegations of harm resulting therefrom do not support claims of cruel and unusual punishment, see Estelle v. Gamble, 429 U.S. at 107. For example, the initial evaluation of Apodaca's injury by a nurse rather than a physician did not violate his Eighth Amendment rights. See El'Amin v. Pearce, 750 F.2d 829, 832 (10th Cir. 1984) (ruling that paramedic's failure to order X-ray did not offend the Eighth Amendment). Likewise, a warden's "reasonable reliance on the judgment of prison medical staff . . . '*negates* rather than supports liability.'" Phillips v. Tiona, 508 F. App'x 737, 744 (10th Cir. 2013)(unpublished) (quoting Arocho v. Nafziger, 367 F. App'x 942, 956 (10th Cir. 2010)(unpublished))(italics in Arocho v. Nafziger). See Coppinger v. Townsend, 398 F.2d 392, 393-94 (10th Cir. 1968). Under these standards, officers' and administrative staff's tacit concurrence in the treatment ordered by medical staff did not amount to deliberate indifference to Apodaca's medical condition. The Court correctly dismissed these claims and will decline to reconsider the earlier order of dismissal.

**IT IS ORDERED** that the Motion to Reconsider Dismissal of Claims Against Parties to this Action filed on March 3, 2014 (Doc. 24), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Victor Apodaca
Southern New Mexico Correctional Facility
Las Cruces, New Mexico

    *Plaintiff pro se*

James R. Brewster
New Mexico Department of Corrections
Santa Fe, New Mexico

    *Attorneys for Defendants Wes Hatley and Susan Pautler*

Michelle Lalley Blake
Keleher & McLeod
Albuquerque, New Mexico

    *Attorneys for Defendants Timothy Hillis and Nancy Lueras*