IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VICTOR APODACA,**

    **Plaintiff,**

**v.**                                        **No. 13-cv-0113 JB/SMV**

**STATE OF N.M. ADULT**
**PROB. & PAROLE, et al.,**

    **Defendants.**[1]

## ORDER SETTING SETTLEMENT CONFERENCE

THIS MATTER is before the Court sua sponte. To facilitate a final disposition of this case, a Settlement Conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **June 28, 2016, at 1:00 p.m., mountain daylight time,** in the undersigned's chambers at the United States Courthouse at 100 North Church Street in Las Cruces, New Mexico**.**

The parties or a designated representative, other than counsel of record, with full authority to resolve the case, may attend by telephone. Defense counsel who will try the case must attend in person. Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for

---

[1] In a Memorandum Opinion and Order dated February 13, 2014, this Court dismissed all claims against Defendants New Mexico State Police, State of New Mexico Adult Probation and Parole, Gerry Billy, FNU Sandoval, FNU Lucero, FNU Wagner, FNU Boone, and FNU Padilla, and Curry County Detention Center. [Doc. 22] at 46. Later, on April 6, 2015, the Court dismissed all claims against Defendants Wesley Hatley and Susan Pautler. [Doc. 65]. At this time, the only remaining Defendants are Timothy Hillis and Nancy Lueras.

and during the conference.[2] *See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for violating confidentiality of settlement conference).

Furthermore, if any party has in its possession any video or audio recording of the incident upon which this action is based, that party must submit a copy of the recording to the Court no later than **5:00 p.m. on June 21, 2016**.

The Settlement Conference will not be vacated or rescheduled except upon motion and for good cause shown. Any motion to vacate or reschedule the Settlement Conference must provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the Settlement Conference.

The Court may contact Plaintiff and/or defense counsel ex parte prior to the Settlement Conference to discuss the Settlement Conference. If any party objects to such contact, he must file written objections **no later than June 14, 2016**.

**IT IS THEREFORE ORDERED** that a Settlement Conference will be conducted on **June 28, 2016, at 1:00 p.m.**, mountain daylight time.

**IT IS SO ORDERED.**

STEPHAN M. VIDMAR
United States Magistrate Judge

---

[2] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

2