IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR APODACA,

    Plaintiff,

v.                                                                                        No. 13-cv-0113 JB/SMV

STATE OF N.M. ADULT
PROB. & PAROLE, et al.,

    Defendants.[1]

## ORDER VACATING DEADLINES FOR PROPOSED PRETRIAL ORDER

THIS MATTER is before the Court on the unsuccessful settlement conference conducted on June 28, 2016. The Court will vacate the deadlines for the proposed pretrial order so that further efforts may be pursued to secure counsel for Plaintiff, who is indigent and incarcerated and proceeding pro se.

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in 28 U.S.C. § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In certain exceptional circumstances, however, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by

---

[1] In a Memorandum Opinion and Order dated February 13, 2014, this Court dismissed all claims against Defendants New Mexico State Police, State of New Mexico Adult Probation and Parole, Gerry Billy, FNU Sandoval, FNU Lucero, FNU Wagner, FNU Boone, and FNU Padilla, and Curry County Detention Center. [Doc. 22] at 46. Later, on April 6, 2015, the Court dismissed all claims against Defendants Wesley Hatley and Susan Pautler. [Doc. 65]. At this time, the only remaining Defendants are Timothy Hillis and Nancy Lueras.

the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).  Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court referred the case to the Court's pro bono panel on June 15, 2015, with a request that a panel attorney consider contacting Plaintiff for possible representation.  *See* [Doc. 68] at 1–2.  However, to date, no attorney has appeared on Plaintiff's behalf.  In conjunction with the recent settlement conference, the Court re-familiarized itself with the case.  The Court again finds that Plaintiff's claims appear meritorious.  Although the nature of factual and legal issues is not complex, there are questions regarding medical records and possible expert testimony.[2]  Considering that trial is the next step, and considering that Plaintiff is indigent, pro se, and incarcerated in another state, I am convinced that he should have counsel.  To allow time for further efforts to secure counsel for Plaintiff, the Court will vacate the current deadlines for the proposed pretrial order.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the current deadlines for preparation and submission of the proposed pretrial order are **VACATED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] At the settlement conference, Plaintiff indicated that he had attempted to submit further medical records, which were never docketed.  Plaintiff is instructed to resubmit the filing.