IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR APODACA,

    Plaintiff,

v.                                                                                                           No. 13-cv-0113 JB/SMV

STATE OF NEW MEXICO ADULT
PROBATION AND PAROLE, et al.,

    Defendants.[1]

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on the parties' Joint Motion to Approve Settlement [Doc. 100], filed on February 7, 2018. The Honorable James O. Browning, United States District Judge, has referred this case to me for analysis and a recommended disposition. [Doc. 5]. The Court-appointed *guardian ad litem*, Gabrielle Valdez, submitted her report on March 9, 2018, recommending approval of the settlement agreement. [Doc. 102]. On March 15, 2018, I held a hearing on the motion. Having considered the motion, the *guardian ad litem*'s report, the representations made during the fairness hearing, the record, and the relevant law, and being otherwise fully advised in the premises, I find the proposed settlement to be fair, reasonable, and in Plaintiff's best interest. I recommend that the motion be GRANTED.

---

[1] In a Memorandum Opinion and Order dated February 13, 2014, this Court dismissed all claims against Defendants New Mexico State Police, State of New Mexico Adult Probation and Parole, Gerry Billy, FNU Sandoval, FNU Lucero, FNU Wagner, FNU Boone, FNU Padilla, and Curry County Detention Center. [Doc. 22] at 46. Later, on April 6, 2015, the Court dismissed all claims against Defendants Wesley Hatley and Susan Pautler. [Doc. 65]. At this time, the only remaining Defendants are Timothy Hillis and Nancy Lueras.

## Background

Plaintiff, proceeding pro se, sued various Defendants pursuant to 28 U.S.C. § 1983, alleging claims under the Fourth, Eighth, and Fourteenth Amendments and seeking damages and injunctive relief. [Docs. 1, 3, 9]. He alleges that officers entered the residence where he was staying and injured him by use of excessive force. He further alleges that, once detained at the Curry County Detention Center, he was denied necessary medical treatment. Namely, jail officials sent him to a medical facility for examination of his injuries. A magnetic resonance image showed a completely torn anterior cruciate ligament and a "complete tear of the medial meniscus posterior horn." Plaintiff was referred to an orthopedist for a surgical evaluation. However, Plaintiff never saw an orthopedist or any other specialist, and he was never evaluated for surgery. Instead, Plaintiff was treated with ibuprofen, an elastic knee brace, a wheelchair, and a recommended exercise regimen. He repeatedly requested to be seen by a specialist for a surgical evaluation. Plaintiff alleges that the denial of necessary medical care has left him permanently disabled. *See* [Doc. 68] at 2–4; [Doc. 102] at 4–7.

Most of Plaintiff's claims were dismissed; only his Eighth Amendment claims against Defendants Hillis and Lueras survived summary judgment.[2] The undersigned conducted a settlement conference, but the parties did not reach a settlement agreement. *See* [Doc. 85]. Eventually, Plaintiff obtained counsel, *see* [Doc. 88], and the parties continued settlement

---

[2] On February 13, 2014, Judge Browning dismissed all of Plaintiff's claims except those arising under the Fourth Amendment against Defendants Hatley and Pautler, and those arising under the Eighth Amendment against Defendants Hillis and Lueras. [Doc. 22]. Subsequently, I recommended granting summary judgment to Defendants Hatley and Pautler [Doc. 59] and denying it as to Defendants Hillis and Lueras [Doc. 68]. Judge Browning adopted these recommendations. [Docs. 65, 73]. Therefore, Plaintiff's only surviving claims are his Eighth Amendment claims against Defendants Hillis and Lueras.

negotiations. On August 4, 2017, Plaintiff, through counsel, moved for the appointment of Ms. Valdez as *guardian ad litem* to represent Plaintiff's interests. [Doc. 98]. The request was precipitated by separate state criminal proceedings in Texas,[3] where Plaintiff's mental competence had been placed at issue. *Id.* at 1. A court-ordered evaluation in those proceedings "revealed that the Plaintiff may not be competent[] and may not have the capacity to execute legal documents," i.e., enter into a binding settlement agreement.[4] *Id.* Therefore, Plaintiff requested appointment of a *guardian ad litem* to represent his interests pursuant to Fed. R. Civ. P. 17(c)(2). Defendants did not oppose the request. *Id.* at 2. Judge Browning granted the motion and appointed Ms. Valdez as *guardian ad litem* on August 11, 2017. [Doc. 99].

Having reached a final agreement, the parties filed the instant motion for approval of the settlement on February 7, 2018. [Doc. 100]. The parties agreed to settle the case for $15,000, with the total amount (minus $312 in costs) going to Plaintiff.[5] [Doc. 102] at 14–15. The money will be deposited into his prisoner account. *Id.* at 15.

## **Legal Standard**

The Court reviews proposed settlement agreements involving minor children and incompetent persons to determine whether the settlement is fair and in that person's best interest. *See Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (Courts have a "general duty . . . to protect the interests of [minors and incompetent persons] in cases before the court."); *Shelton v.*

---

[3] In the time since Plaintiff initiated the instant case, he was released from detention. *See* [Doc. 102] at 6. Subsequently, he was arrested on separate criminal charges in Texas. *See* [Doc. 98]; [Doc. 102] at 6, 13–14.
[4] At the March 15, 2018 fairness hearing, Plaintiff's counsel clarified that the trial judge in Plaintiff's criminal proceedings ultimately rejected the incompetency defense. Plaintiff was convicted and is currently incarcerated in Texas.
[5] Plaintiff's counsel does not request attorney's fees. *See* [Doc. 102] at 14. He specified the total costs ($312) at the fairness hearing.

*Sloan*, 1999-NMCA-048, ¶ 41, 127 N.M. 92 (citing NMSA 1978, § 38-4-16) (noting that New Mexico law "requir[es] judicial approval of settlements on behalf of 'incapacitated persons'"); *Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 28, 99 N.M. 802, *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 114 N.M. 354 ("The general rule is that a next friend or *guardian ad litem* acting for a minor may negotiate a settlement, but such compromise is not binding on the [minor] in the absence of judicial approval.").

In determining whether the proposed settlement is fair, reasonable, and in the minor or incompetent person's best interest, the Court considers the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (discussing the factors for determining whether a class action settlement is "fair, reasonable[,] and adequate").

## **Analysis**

I have reviewed the record, including the report and recommendations of the *guardian ad litem*. I heard from Plaintiff's counsel and the *guardian ad litem* at the March 15, 2018 fairness

hearing. On consideration of the foregoing, and as stated on the record at the March 15, 2018 fairness hearing, I make the following findings:

> (1) the proposed settlement was fairly and honestly negotiated;
>
> (2) serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the parties believe the settlement is fair and reasonable.

Accordingly, I agree with the *guardian ad litem*'s assessment that the settlement of Plaintiff's claims is fair, reasonable, and in his best interest. I recommend that the settlement be approved.[6]

At the March 15, 2018 hearing, the parties waived the 14-day objections period set forth in 28 U.S.C. § 636(b)(1). By **March 26, 2018,** counsel must submit a proposed Order Granting Joint Motion to Approve Settlement and Order of Dismissal with Prejudice. Counsel shall submit the proposed order(s) in a format compatible with Microsoft Word to Judge Browning at jobproposedtext@nmcourt.fed.us.

---

[6] The Court has never explicitly determined whether Plaintiff is in fact incompetent, such that judicial approval of the settlement is necessarily required. And I make no such determination herein. As described *supra*, the issue arose because Plaintiff's competency was called into question in separate state criminal proceedings in Texas, and counsel expressed concern that Plaintiff may not be competent to enter a binding settlement agreement in this case. The parties requested that the Court appoint a *guardian ad litem*, and the Court did so. Resolution of the question of Plaintiff's competency is not necessary here, as I find that, in any event, the settlement agreement is fair, reasonable, and in Plaintiff's best interest.

**<u>Conclusion</u>**

**IT IS THEREFORE RECOMMENDED** that the parties' Joint Motion to Approve Settlement [Doc. 100] be **GRANTED** and the settlement be **APPROVED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**